1

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                        EASTERN DISTRICT OF CALIFORNIA

8

9    MARIA ESTHER RUIZ,                    Case No. 1:19-CV-00407

10               Plaintiff,                ORDER ON SOCIAL SECURITY APPEAL

11        v.

12   COMMISSIONER OF SOCIAL
     SECURITY,
13               Defendant.

14

15        Claimant Maria Esther Ruiz seeks judicial review of a denial by the Social Security

16   Administration ("SSA") of her application for disability insurance benefits.[1]  ECF No. 14.  She

17   alleges that the SSA Administrative Law Judge ("ALJ") erred (1) in her initial, threshold

18   assessment of the severity of claimant's left knee impairment, (2) in considering the opinion of

19   treating doctor Emmanuel Fabella, (3) in evaluating claimant's own testimony about her knee and

20   back impairments, and (4) in finding that claimant could perform work existing in significant

21   numbers in the national economy.  We heard argument from the parties on February 18, 2020.

22   Claimant was represented by counsel at the hearing.  Having reviewed the record, administrative

23   transcript, briefs of the parties, and applicable law, and having considered arguments raised at the

24   hearing, we will remand this matter for further consideration by the ALJ.

25        Claimant first argues that the ALJ erred in setting aside her left knee impairment at what

26

27   ─────────────────────
     [1] The parties have consented to entry of final judgment by a U.S. Magistrate Judge under the
28   provisions of 28 U.S.C. § 636(c), with any appeal to the U.S. Court of Appeals for the Ninth
     Circuit.

is known as "Step 2" of the five-step disability-determining process—a threshold step at which the ALJ determines whether an impairment is "severe." Step 2 "is a de minimis screening device [used] to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (internal quotation omitted). "An impairment or combination of impairments may be found not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Id.* at 686 (internal quotation omitted). This is a low threshold.

The ALJ explained that she found claimant's left knee impairment not to be severe because there was "no swelling noted in the records" of one examination, and "functional status has not changed" as of August 2017.[2] At Step 2, however, these reasons do not justify setting aside the documentation of claimant's knee impairments. *See* AR 577-588 (documenting knee evaluation by Dr. Fabella and referencing decreased range of motion); AR 607 (documenting knee X-ray); AR 444 (documenting knee pain). The ALJ did not explain why, in light of this documentation, the impairment could be viewed as nothing more than a slight abnormality with no more than a minimal effect on claimant's ability to work.

Error at Step 2 does not always require remand. Where an ALJ finds an impairment non-severe but considers that impairment throughout the remaining steps, including in determining claimant's residual functional capacity ("RFC"), the error may be harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (holding Step 2 error to find claimant's bursitis condition to be severe harmless where "[t]he ALJ extensively discussed Lewis's bursitis at Step 4 of the analysis"). Here, however, the ALJ did not consider the impact of claimant's left knee impairment after Step 2.

Defendant maintained at oral argument that the ALJ must have considered claimant's left knee impairment later in the analysis, since the ALJ considered Dr. Fabella's opinion and Dr. Fabella's opinion included discussion of claimant's knee impairment. We find this argument

---

[2] The ALJ also noted that claimant's "gait and station were normal [as of] March 2017," however this date precedes the documented dates of knee impairment (approximately June 2017) and so has no bearing thereon.

unconvincing.  Although the ALJ considered Dr. Fabella's opinion about claimant's back, we see no evidence that she also considered his opinion about claimant's left knee.  Thus, the ALJ's subsequent analysis did not render harmless the Step 2 error.

Defendant points to a temporal gap in documented left knee treatment, arguing that the break in treatment justifies the ALJ's setting aside claimant's left knee impairment at Step 2.  The interruption in treatment, however, was not identified by the ALJ as a reason for finding claimant's left knee impairment non-severe.  Given our mandate to conduct judicial review on the record, we cannot affirm the decision of an ALJ based on reasoning that the ALJ did not provide.[3] *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

We thus determine that the ALJ's opinion was legally flawed or unsupported by substantial evidence in that it erroneously found claimant's left knee impairment non-severe at Step 2.  We need not reach the other issues raised by claimant.  For the reasons stated in this opinion, we remand this case for further consideration by SSA.  The clerk of court is directed (1) to enter judgment in favor of claimant Maria Esther Ruiz and against defendant Commissioner of Social Security and (2) to close this case.

IT IS SO ORDERED.

Dated:   February 18, 2020

UNITED STATES MAGISTRATE JUDGE

No. 200.

---

[3] Separately, it is far from apparent that a gap in treatment would establish non-severity.

3